# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : CRIMINAL ACTION NO. |
| DANIEL EDWARD TURNER, | : 2:08-CR-00018-RWS |
| | : |
| Defendant. | : |

## **ORDER**

This case is before the Court for consideration of Defendant's Motion to Recuse for Bias and Prejudice [62] and the Report and Recommendation [69] of Magistrate Judge Susan S. Cole. After reviewing the record, the Court enters the following Order.

## **Motion to Recuse**

Defendant has filed a motion requesting that the undersigned recuse himself as the presiding judge in this matter. Defendant asserts that the Court's rulings on matters in this case constitute bias and prejudice against Defendant.

Recusal of a presiding judge is governed by 28 U.S.C. § 455 which requires that a judge "disqualify himself in any proceeding in which his

impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Specifically, a judge is required to disqualify himself "where he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Recusal under subsection (a) is appropriate only where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality . . . ." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotations omitted). Importantly, it is not the movant's allegations that control the propriety of recusal, but the facts. See id.; see also United States v. Cerceda, 188 F.3d 1291, 1293 (11th Cir. 1999) ("A charge of partiality must be supported by some factual basis, however. Recusal cannot be based on 'unsupported, irrational or highly tenuous speculation.' ") (quoting In re United States, 666 F.2d 690, 694 (1st Cir. 1981)); Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir. 1987) ("Allegations under [§ 455] need not be taken as true."). "[P]rior rulings in the proceeding. . .solely because they were adverse" are not ordinarily sufficient to require a § 455(a) recusal. U.S. v. Cooley, 1 F3d 985, 993-94 (10th Cir. 1993).

Defendant has also failed to offer any evidence to support his allegations

2

of personal bias. Unsubstantiated suggestions of personal bias are insufficient to warrant recusal. U.S. v. Cork, No. 1:07-CR-183-WSD, 2007 WL 2570761, at *4 (N.D. Ga. August 31, 2007).

Based on the foregoing, the Court finds that Defendant has failed to set forth sufficient evidence to warrant recusal of the undersigned. Therefore, the Motion to Recuse [62] is hereby **DENIED**.

**Report and Recommendation**

After reviewing the Report and Recommendation [69] and the Objection [71] thereto, the Report and Recommendation is received with approval and adopted as the Opinion and Order of this Court. Accordingly, Defendant's Motion to Dismiss With Proof of Record [47] is **DENIED**; Defendant's Motion to Strike Superseding Indictment [55] is **DENIED**; and Defendant's Motion to Strike Docket Entries by Affidavit from Daniel Edward Turner [60] is **DENIED**.

**SO ORDERED** this __27th__ day of February, 2009

_____
**RICHARD W. STORY**
United States District Judge

3